IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02681-BNB

KIRK MCDONALD,

      Plaintiff,

v.

THE STATE OF COLORADO,
HONORABLE R. THOMAS MOORHEAD, and
HONORABLE SHEILA A. RAPPAPORT,

      Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Kirk McDonald, initiated this action by filing *pro se* a complaint (ECF No. 1).  On October 11, 2012, Magistrate Judge Boyd N. Boland entered an order directing Mr. McDonald to filed an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure if he wishes to pursue his claims in this action.  On October 16, 2012, Mr. McDonald filed an Amended Complaint (ECF No. 5) and an unsigned "Emergency TRO Motion Pursuant to D.C.COLO.Civil Rule 65(b)" (ECF No. 6).

The Court must construe the Amended Complaint liberally because Mr. McDonald is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal

authority, his confusion of various legal theories, his poor syntax and sentence

construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

However, the Court should not act as an advocate for a *pro se* litigant.  *See id.*

Although the specific claims Mr. McDonald asserts in the Amended Complaint

are not entirely clear, he apparently contends that he has been denied due process in

connection with ongoing state proceedings.  Mr. McDonald's claims primarily relate to

two civil lawsuits he filed in 2009, one in the Eagle County District Court and one in the

District Court for the City & County of Denver, against banks that allegedly defrauded

him of his retirement account in 2007.  Mr. McDonald also alleges in the Amended

Complaint that the Colorado Department of Revenue has denied him due process by

issuing a writ of garnishment upon him for failure to pay his 2007 taxes even though,

according to Mr. McDonald, the tax liability in question was satisfied in April 2007.

With respect to his due process claims arising out of the pending state court

lawsuits, Mr. McDonald asserts those claims against the state court judge who has

ruled against him in the Eagle County case and a second state court judge who delayed

consideration of his claims in the Denver County case.  Mr. McDonald also names the

State of Colorado as a Defendant, apparently because he contends the State of

Colorado bears responsibility for the actions of state employees.  Furthermore,

according to Mr. McDonald, the failure to provide a prompt ruling in the Denver County

case has led to an unintended consequence, the loss of his home to foreclosure.  As

relief Mr. McDonald seeks a temporary restraining order to prevent the foreclosure sale

of his home that is scheduled for October 17, 2012, and damages.

It does not appear that Mr. McDonald's claims are barred by the *Rooker-Feldman* doctrine because Mr. McDonald alleges that the state court cases remain pending. However, Mr. McDonald is advised that he may not seek review in this Court of any adverse judgments that may be entered in the future in the state court cases because the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). In essence, the *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The Court will abstain from exercising jurisdiction over Mr. McDonald's claims in this action in accordance with *Younger v. Harris*, 401 U.S. 37, 44 (1971). Pursuant to *Younger*, federal courts must refrain from interfering in ongoing state court proceedings in the absence of extraordinary circumstances. *See Morrow v. Winslow*, 94 F.3d 1386,

1393 (10th Cir. 1996).  Abstention under *Younger* is appropriate when three conditions

are met.

> First, there must be ongoing state criminal, civil, or
> administrative proceedings.  Second, the state court must
> offer an adequate forum to hear the federal plaintiff's claims
> from the federal lawsuit.  Third, the state proceeding must
> involve important state interests, matters which traditionally
> look to state law for their resolution or implicate separately
> articulated state policies.

*Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997).

In the instant action, all three of these conditions are met.  First, Mr. McDonald

concedes that the state court proceedings are ongoing.  Second, Mr. McDonald may

raise his due process claims in the course of the state court proceedings.  Finally, the

state court actions involve important state interests.  *See* Colo. R. Civ. P. 120(f)

(providing that "[a]ny proceeding under this Rule involving a consumer obligation shall

be brought in and heard in the county in which such consumer signed the obligation or

in which the property or a substantial part thereof is located").  Therefore, the Court will

abstain from exercising jurisdiction and the complaint and the action will be dismissed.

The Court also notes that Mr. McDonald may not sue the named Defendants for

damages in this Court in this action.  For one thing, judges are absolutely immune from

liability in civil rights suits for money damages for actions taken in their judicial capacity

unless the judge was acting in the clear absence of all jurisdiction.  *See Mireles v.*

*Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978);

*Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  It is clear that Mr. McDonald is

suing the state court judges for actions taken in their judicial capacities and he fails to

demonstrate or allege that either of them was acting in the clear absence of all

jurisdiction.  Even if Mr. McDonald alleged that the state court judges acted maliciously or corruptly, the doctrine of absolute judicial immunity still applies to the claims he is raising in this action.  *See Pierson v. Ray*, 386 U.S. 547, 554 (1967).

With respect to the State of Colorado, "[i]t is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity.  *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

For all of these reasons, the instant action must be dismissed.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed.  It is

FURTHER ORDERED that the "Emergency TRO Motion Pursuant to D.C.COLO.Civil Rule 65(b)" (ECF No. 6) is DENIED.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   18th   day of     October     , 2012.

BY THE COURT:


    s/Lewis T. Babcock
    LEWIS T. BABCOCK, Senior Judge
    United States District Court