IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02681-LTB

KIRK MCDONALD,

    Plaintiff,

v.

THE STATE OF COLORADO,
HONORABLE R. THOMAS MOORHEAD, and
HONORABLE SHEILA A. RAPPAPORT,

    Defendants.

---

ORDER DENYING MOTION TO VACATE JUDGMENT

---

    Plaintiff, Kirk McDonald, filed *pro se* on November 2, 2012, a document titled "Motion for Rehearing: Motion for Closed Door Hearing With Oral Arguments and Testimony From Confidential Witness" (ECF No. 9) in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on October 18, 2012. The Court must construe the motion liberally because Mr. McDonald is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. McDonald's motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court dismissed the instant action pursuant to the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), because Mr. McDonald is challenging orders entered in ongoing state court proceedings and the failure to enter orders in ongoing state court proceedings. The Court also noted that the named Defendants in this action are entitled to immunity.

After review of the motion to reconsider and the entire file, the Court finds that Mr. McDonald fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The Court remains convinced that this action properly was dismissed, and Mr. McDonald fails to present any argument in the motion

to reconsider that addresses the reasons the Court dismissed this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that "Motion for Rehearing: Motion for Closed Door Hearing With Oral Arguments and Testimony From Confidential Witness" (ECF No. 9) filed on November 2, 2012, is DENIED.

DATED at Denver, Colorado, this 7th day of November, 2012.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court